# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CR-00169 RLW |
| | ) | |
| KENNETH ROBERT SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant Kenneth Robert Simpson's Motion to Dismiss the Petition to Revoke his Supervised Release. (ECF No. 226).[1] This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The undersigned recommends the motion be denied.

## I.   BACKGROUND

Mr. Simpson was indicted in a one count indictment for possession of child pornography on March 18, 2010. Mr. Simpson entered a plea of guilty on February 15, 2011. District Judge Rodney W. Sippel sentenced Mr. Simpson to 60 months incarceration followed by supervised release for a term of life. Mr. Simpson began supervised release in this case on September 17, 2015. Mr. Simpson's probation officer directed Mr. Simpson to register as a sex offender in order to be released to a Residential Re-Entry Center. Mr. Simpson refused to comply. On September 18, 2015, The U.S. Probation Office filed a "Petition for Warrant or Summons for

---

[1] Mr. Simpson filed a series of pro se motion while represented by counsel. These motions were denied. Upon the granting of Mr. Simpson's motion to represent himself (ECF No. 247) he has adopted his previously filed pro se motions. The Court will address the following motions: Motion to Dismiss Indictment/Counts (ECF No. 223 and 226); Motion to Strike Prior Conviction (ECF No. 224); and Motion to Dismiss for Selective Prosecution (ECF No. 233).

1

Offender Under Supervision" (ECF No. 96). The District Court revoked Mr. Simpson's supervised release on December 12, 2015, and sentenced him to 12 months incarceration and reimposed a life term of supervised release. (ECF No. 113). Mr. Simpson appealed his sentence. *United States v. Simpson*, No. 16-1031. On appeal, Mr. Simpson raised six issues: (1) the District Court abused its discretion by failing to recuse itself from the revocation proceedings; (2) the District Court erred in finding that Mr. Simpson violated his terms of supervised release; (3) the District Court did not have subject matter jurisdiction over the supervised release revocation proceedings; (4) the child pornography laws are unconstitutional; (5) the revocation of Mr. Simpson's supervised release resulted in double jeopardy; and (6) the conditions of Mr. Simpson's supervised release were unreasonable. The Eighth Circuit denied Mr. Simpson's appeal on all grounds in a per curium opinion issued on May 31, 2016. (ECF No. 123). Mr. Simpson's request for rehearing *en banc* and his petition for writ of certiorari to the Supreme Court were both denied.

Mr. Simpson began his second term of supervised release on September 16, 2016. On October 6, 2016, The U.S. Probation Office filed the second "Petition for Warrant or Summons for Offender Under Supervision" (ECF No. 131). Again, Mr. Simpson's probation officer directed Mr. Simpson to register as a sex offender in order to be released to a Residential Re-Entry Center. Mr. Simpson once again refused to comply. The district court revoked Mr. Simpson's supervised release on November 21, 2016, and sentenced him to 18 months incarceration followed by a life term of supervised release. (ECF No. 144). Mr. Simpson appealed the District Court's second revocation of his supervised release and the District Court's 18-month sentence. *United States v. Simpson*, No. 16-4498. Mr. Simpson raised five issues on appeal: (1) the District Court abused its discretion by failing to recuse itself from the revocation

proceedings; (2) the District Court has no jurisdiction over the crime or the statute because a) there is no interstate commerce, and b) there is a "lack of valid statute to assume jurisdiction under"; (3) supervised release is unconstitutional; (4) the length and conditions of supervised release inhibit reintegration; and (5) SORNA is an illegal statute and cannot sustain a supervised release violation. The Eighth Circuit denied Mr. Simpson's appeal on all grounds in a per curium opinion issued on December 4, 2017. (ECF No. 157). The Eighth Circuit held that Mr. Simpson's jurictional and double jeopardy arguments amounted to collateral attacks on his conviction and sentence and his remaining arguments lacked merit. Mr. Simpson's request for rehearing *en banc* and his petition for writ of certiorari to the Supreme Court were both denied.

Mr. Simpson began his third term of supervised release on January 23, 2018. On January 24, 2018, The U.S. Probation Office filed the third "Petition for Warrant or Summons for Offender Under Supervision" (ECF No. 162).  Mr. Simpson was directed by his probation officer to report to the Residential Re-Entry Center in Farmington, Missouri. Mr. Simpson failed to report as directed. The District Court revoked Mr. Simpson's supervised release on March 28, 2018, and sentenced him to 24 months incarceration followed by a life term of supervised release. (ECF No. 179).

Mr. Simpson appealed the District Court's third revocation of his supervised release and the 24-month sentence imposed. *United States v. Simpson*, No. 18-1692. Mr. Simpson raised five issues on appeal: (1) the revocation of Mr. Simpson's supervised release resulted in double jeopardy; (2) the terms of supervised release are misused to impede reintegration; (3) Mr. Simpson was denied his due process rights in litigation; (4) the sentence was unreasonable; and (5) the District Court abused its discretion by failing to recuse itself from the revocation proceedings. The Eighth Circuit denied Mr. Simpson's appeal on all grounds in an opinion

3

issued on August 6, 2019. (ECF No. 197). For the third time, Mr. Simpson's request for rehearing *en banc* and his petition for writ of certiorari to the Supreme Court were both denied.

Now before the Court is Mr. Simpson's fourth "Petition for Warrant or Summons for Offender Under Supervision". (ECF No. 203). Mr. Simpson began his fourth term of supervised release on November 7, 2019. As in the previous violation, Mr. Simpson was directed by his probation officer to report to the Residential Re-Entry Center in Farmington, Missouri. Mr. Simpson failed to report as directed. Mr. Simpson absconded from supervision and was not apprehended until May 16, 2023. During and subsequent to his arrest, law enforcement and U.S. Probation Officers seized an Apple iPhone S smartphone, RCA Galileo Pro tablet, HP Notebook laptop computer, Xbox 360, and Sony PlayStation 2. Additionally, Mr. Simpson was charged in a one count indictment with Failure to Register as a Sex Offender on June 7, 2023. The above form the basis for the violations contained in the "First Amended Petition for Warrant or Summons for Offender Under Supervision". (ECF No. 242). Mr. Simpson appeared in court for his initial appearance, preliminary supervised release revocation hearing, and detention hearing on May 16, 2023 (ECF No. 208). Mr. Simpson waived his preliminary hearing. (ECF No. 208). Mr. Simpson was ordered detained on May 25, 2023. (ECF No. 217).

Mr. Simpson filed the pending Motion to Dismiss the Petition to Revoke his Supervised Release on August 22, 2023. The Government filed its Response on September 8, 2023. On November 9, 2023, the parties appeared for an evidentiary hearing on Mr. Simpson Motion to Suppress evidence in Case No. 4:23 CR 297 RLW (RHH). The parties presented arguments. These matters were fully briefed and submitted on September 8, 2023. The matter is now ready for resolution.

4

The undersigned has carefully considered the arguments of the parties both at the hearing and in their written submissions. Based upon the oral arguments made on the record, and the written submissions of the parties, the undersigned makes the following findings of fact and conclusions of law.

## II. CONCLUSIONS OF LAW

In his motion, Mr. Simpson argues that the supervised release statute, 18 U.S.C. § 3583 and SORNA are unconstitutional. Mr. Simpson's arguments are foreclosed by Eighth Circuit precedent and will be denied.

### A. The Supervised Release Statute is Constitutional

"A district court may 'revoke a term of supervised release, and require the defendant serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release' if the court 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Childs*, 17 F.4th 790, 791 (8th Cir. 2021). Mr. Simpson relies on *United States v. Haymond*, 139 S.Ct. 2369 (2019) to support his argument that supervised release is unconstitutional. In *Haymond*, the Supreme Court held that 18 U.S.C. § 3583(k) violated the Fifth and Sixth Amendment of the Constitution. The court reasoned that § 3553(k), which required a five-year mandatory minimum sentence, increased the mandatory minimum sentence based on facts not found by a jury beyond a reasonable doubt. Mr. Simpson's argument is without merit. Here Mr. Simpson does not face a mandatory minimum sentence, nor has he been sentenced under §3583(k). The Eighth Circuit has denied this argument in multiple cases. *See United States v. Weems*, 76 F4th 1153, 1156 (8th Cir. 2023)(holding the decision in *Haymond* is limited to § 3583(k), not to all cases under § 3583); *Childs*, 17 F.4th at 792 (holding *Haymond* did not overrule prior holdings that a term of

5

supervised release may extend beyond the statutory maximum for the underlying substantive offense.); *United States v. Eagle Chasing*, 965 F.3d 647, 651 (8th Cir. 2020)(holding *Haymond* dealt with proceedings under 3583(k)); *United States v. Watters*, 947 F.3d, 493, 498 (8th Cir. 2020)(holding *Haymond* is inapplicable to § 3583(g)).

A district court may 'revoke a term of supervised release, and require the defendant serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release' if the court 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Childs*, 17 F.4th 790, 791 (8th Cir. 2021). Mr. Simpson relies on *United States v. Haymond*, 139 S.Ct. 2369 (2019) to support his argument that supervised release is unconstitutional. In *Haymond*, the Supreme Court held that 18 U.S.C. § 3583(k) violated the Fifth and Sixth Amendment of the Constitution. The court reasoned that § 3583(k), which required a five-year mandatory minimum sentence, increased the mandatory minimum sentence based on facts not found by a jury beyond a reasonable doubt.

Mr. Simpson's argument is without merit. Here, Mr. Simpson does not face a mandatory minimum sentence, nor has he been sentenced under 3583(k). The Eighth Circuit has denied this argument in multiple cases. *See, e.g., United States v. Weems*, 76 F4th 1153, 1156 (8th Cir. 2023) (holding the decision in *Haymond* is limited to 3583(k), not to all cases under 3583); *Childs*, 17 F.4th at 792 (holding *Haymond* did not overrule prior holdings that a term of supervised release may extend beyond the statutory maximum for the underlying substantive offense.); *United States v. Eagle Chasing*, 965 F.3d 647, 651 (8th Cir. 2020) (holding *Haymond* dealt with proceedings under 3583(k)); *United States v. Watters*, 947 F.3d, 493, 498 (8th Cir. 2020) (holding *Haymond* is inapplicable to § 3583(g)).

**B.      The Sex Offender Registration and Notification Act (SORNA) is Constitutional**

Mr. Simpson next claims that SORNA is unconstitutional. He has filed the following motions: Motion to Dismiss Indictment/Counts (ECF Nos. 226 and 249); Motion to Dismiss for Lack of Jurisdiction (ECF No. 20); Motion to Challenge Constitutionality of § 2250 (ECF No. 26). These motions all turn on whether SORNA is constitutional and will be addressed here. Challenges to the constitutionality of SORNA have been consistently rejected by the Eighth Circuit. *See e.g.*, *United States v. Smith*, 642 Fed. Appx. 655, 656 (8th Cir. 2016) (rejecting Commerce Clause challenge to SORNA); *United States v. Kuehl*, 706 F.3d 917 (8th Cir. 2013) (holding the congressional grant of authority to the Attorney General in 42 U.S.C. § 16913(d) to be constitutionally valid because Congress had set forth an intelligible principle to guide in the exercise of the granted authority); *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011) (rejecting Tenth Amendment and right-to-travel challenges to SORNA); *United States v. Waddle*, 612 F.3d 1027, 1029 (8th Cir. 2010) (holding SORNA does not violate the Ex Post Facto Clause); *see also Steward v. Folz*, 190 Fed. Appx. 476, 478-79 (7th Cir. 2006) (holding that SORNA's registration requirement does not constitute double jeopardy).

Further discussion is not necessary as these arguments are foreclosed by Eighth Circuit precedent. The motions are denied.

**C.      Collateral Challenge to the Underlying Conviction**

Mr. Simpson filed a Motion to Strike Prior Conviction (ECF No. 224). In this filing Mr. Simpson seeks to challenge his underlying guilty plea and conviction. (ECF No. 60 and 71). Mr. In this filing, Mr. Simpson seeks to challenge his underlying conviction in Case No. 4:10 CR 169 RLW. He relies on two cases, *Alaska v. Wright*, 141 S. Ct. 1467 (2021) and *Lackawanna v. Coss, Jr.*, 532 U.S. 394 (2001). His reliance is misplaced. In *Lackawanna,* Defendant brought a federal

7

habeas claim pursuant to 28 U.S.C. § 2254 challenging a 1990 state court conviction that served to enhance his sentence in a subsequent state case. *Lackawanna*, 532 at 397.  If a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack on its own right because the defendant failed to pursue those remedies when they were available, or did so unsuccessfully, then that defendant may not collaterally attack his prior conviction in a 28 U.S.C. § 2255 petition. *Id.* at 402(citing *Daniels v. United States*, 532 U.S 374 (2001)). In *Wright*, the defendant was convicted of 13 counts of sexual abuse as a minor. The defendant completed his sentence in 2016 and moved to Tennessee where he failed to register as a sex offender and was charged in a federal case. *Wright*, 141 S.Ct. at 1497. During the federal proceedings the defendant filed a federal habeas petition challenging the Alaska state conviction. *Id.* at 1468. The District Court denied the motion because the defendant was not in custody pursuant to the state court judgment. *Id.* The Court of Appeals reversed because in their view, the state conviction was a necessary predicate to his federal case. *Id.* The Supreme Court found that the Court of Appeals "clearly erred". *Id.* The defendant was not in custody and does not remain in custody simply because the conviction can be used to enhance the sentence in subsequent crimes committed in the future. *Id.*   In both *Wright* and *Lackawanna,* the defendants were denied the same relief Mr. Simpson currently seeks. *Wright*, 141 S.Ct at 1468; *Lackawanna*, 532 U.S. at 407.

      Here, Mr. Simpson has attempted to raise these issues in previously filed habeas petitions. His petitions were denied. On August 6, 2019, the Eighth Circuit issued a per curiam opinion denying all grounds raised in Simpson's appeal, stating:

> In his pro se brief, Simpson again asserts the double-jeopardy, reintegration and recusal arguments he presented in a prior appeal, and states he has no intention of complying with the terms of release. The district court did not abuse its discretion imposing a 24-month revocation because it properly considered the 18 U.S.C. § 3553(a) factors. See

8

> *United States v. Larison*, 432 F.3d 921, 922-924 (8th Cir. 2006). This court declines to consider Simpson's arguments that (1) supervised release and revocation violated double-jeopardy principles and inhibit reintegration into society, and (2) the district court judge should have recused himself. These arguments have been considered and rejected by this court on direct appeals from Simpson's prior revocations. *United States v. Simpson*, 704 Fed. Appx. 609 (8th Cir. 2017), cert. denied, 138 S. Ct. 1314 (2018); *United States v. Simpson*, 653 Fed. Appx. 850 (8th Cir. 2016), cert. denied, 137 S. Ct. 318 (2016). When a court decides a rule of law, that decision governs the same issues in subsequent stages of the case. *Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1134-35 (8th Cir. 2007). This court also declines to address Simpson's newly-raised assertion that this court's prior rulings never adjudicated his claims because it is no more than a collateral attack on those prior rulings.

Opinion of the Eighth Circuit Court of Appeals, No. 18-1692 (August 6, 2019).

Mr. Simpson's request for rehearing was denied. His petition for writ of certiorari to the Supreme Court was rejected. Mr. Simpson has filed four federal habeas petitions challenging some aspect of his conviction in Case No. 4:10 Cr 169 RLW.  4:11 CV 2058, 4:14 CV 392, 4:19 CV 349, and 4:19 CV 1313. Mr. Simpson failed to raise claims that he now asserts in the instant case. Mr. Simpson has no pending civil cases filed in this Court. It is clear from the four previously filed federal habeas petitions that Mr. Simpson knows how to file a federal habeas petition. He has previously used the correct forms and filed them as civil proceedings. His attempts to collaterally attack his prior federal conviction in the middle of the instant criminal case is improper and will be denied in accordance with the Eighth Circuit opinion referenced above.

D.     **Selective Prosecution**

Mr. Simpson argues that the instant case should be dismissed because he is the victim of selective prosecution. (ECF No. 223). To prevail on a selective prosecution claim a defendant must show that: (1) people similarly situated were not prosecuted; and (2) the decision to prosecute was based on a discriminatory purpose or for exercising a constitutional right. *United*

9

*States v. Peterson*, 652 F.3d 979, 981 (8th Cir. 2011). "The evidentiary burden is a heavy one." *Id.*

Here, Mr. Simpson alleges that he is being prosecuted because he is exercising his constitutional right to challenge the constitutionality of SORNA. Mr. Simpson proffers that there is a convicted sex offender within the Eastern District of Missouri, Mr. Shone, who has been convicted for failure to register as a sex offender multiple times was not prosecuted after absconding. This argument is without merit. Mr. Simpson's supervised release was revoked on three prior occasions for failure to register. He was not indicted after failing to register in the past. The Government chose to indict Mr. Simpson in the instant case after he failed to register for the fourth time. In his motion Mr. Simpson references Mr. Shone as a "multiple time convicted sex offender repeatedly convicted for failure to register". According to Mr. Simpson, Mr. Shone was charged and convicted multiple times for failure to register. Mr. Simpson has failed to register four times and is facing his first failure to register charge while Mr. Shone has been charged and convicted multiple times for the same conduct that Mr. Simpson faces in the instant case. Mr. Simpson's attempt to categorize Mr. Shone as a similarly situated person who the Government did not prosecuted fails. Simply put, Mr. Simpson is not being singled out and prosecuted while others are not. Mr. Simpson has made constitutional challenges during each of his three prior supervised release revocations. He was not charged with failure to register despite exercising his constitutional rights. Mr. Simpson has failed to provide credible evidence to satisfy either prong of the two-part test. His motion to dismiss is denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Kenneth Robert Simpson's Motion to Dismiss the Petition to Revoke his Supervised Release (ECF No. 226); be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant Kenneth Robert Simpson's Motion to Strike Prior Conviction (ECF No. 224); and Motion to Dismiss for Selective Prosecution (ECF No. 233) be **DENIED**.

The parties are advised that they have 14 days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

                                                      **RODNEY H. HOLMES**
                                                      **UNITED STATES MAGISTRATE JUDGE**

Dated this 11th day of December, 2023