UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CR-169 RLW |
| ) | |
| KENNETH ROBERT SIMPSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This closed criminal case is before the Court on pro se Defendant Kenneth Robert Simpson's Objections (ECF No. 263) to the Report and Recommendation of United States Magistrate Judge (ECF No. 256), which recommends that Simpson's Motion to Dismiss the Petition to Revoke his Supervised Release (ECF No. 226), and pro se Motions to Strike Prior Conviction (ECF No. 224), and to Dismiss for Selective Prosecution (ECF No. 233) be denied.[1] For the following reasons, the Court overrules Simpson's Objections and adopts the Magistrate Judge's Report and Recommendation.

**Procedural Background**

The Court adopts the Magistrate Judge's recitation of the lengthy procedural history of this case. In summary, Simpson entered a plea of guilty to one count of receipt of child

---

[1] Simpson's Motion to Dismiss the Petition to Revoke his Supervised Release was filed by appointed counsel. Simpson later filed a motion to represent himself pro se which the Magistrate Judge granted. Simpson then renewed the pro se motions he previously filed which had been dismissed without prejudice because Simpson was represented by counsel at the time he filed them. By separate Order of this date, this Court reappoints counsel for Simpson based on his request made in open court on February 8, 2024 in related Case No. 4:23-CR-297 RLW, and pursuant to the Court's Order of February 13, 2024 (ECF No. 284), which directed Simpson to file a Notice stating whether he requested reappointment of counsel or intended to continue self-representation in this case. Simpson did not respond to the Court's

pornography in May 2011 and was sentenced by United States District Judge Rodney W. Sippel to 60 months imprisonment and lifetime supervised release. Judge Sippel subsequently revoked Simpson's supervised release three times and sentenced him to revocation terms of 12 months, 18 months, and then 24 months in the Bureau of Prisons.

Pending before the Court is a fourth Petition for Warrant or Summons for Offender Under Supervision (ECF No. 203). The Petition states that Simpson began his fourth term of supervised release on November 7, 2019, but failed to report as directed to the Residential Re-Entry Center in Farmington, Missouri. The Petition states that Simpson absconded from supervision and was not arrested until May 16, 2023, and did not register as a sex offender at any time during that period. In a separate case in this District, Simpson has been charged with Failure to Register as a Sex Offender. See United States v. Simpson, No. 4:23-CR-297 RLW (E.D. Mo.).

Simpson filed the above-listed pro se motions and the Court referred them to United States Magistrate Judge Rodney H. Holmes pursuant to 28 U.S.C. § 636(b). Judge Holmes held an evidentiary hearing on November 9, 2023 in the instant case and Case No. 4:23-CR-297 RLW and issued the Report and Recommendation on December 11, 2023.

**Legal Standard**

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See United States v. Lothridge, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the entire Report and Recommendation, has carefully and independently reviewed the full record, and has independently researched the controlling law.

---

Order and, pursuant to its terms, the Court reappoints counsel. The Court now addresses Simpson's pending pro se motions and objections relevant to the Report and Recommendation.

**Discussion**

    A.  <u>Motion to Dismiss Petition to Revoke his Supervised Release</u> (ECF No. 226)

In this motion, Simpson raises two arguments to support dismissal of the petition to revoke his supervised release. First, he argues that portions of the supervised release statute, specifically 18 U.S.C. §§ 3583(e) and 3583(k), are unconstitutional under the U.S. Supreme Court's decision in <u>United States v. Haymond</u>, 139 S. Ct. 2369, 2373 (2019).

The Magistrate Judge recommended this aspect of the motion be denied because the Eighth Circuit Court of Appeals has rejected this same argument in post-<u>Haymond</u> decisions. Simpson objects that the Eighth Circuit's decisions are procedural and do not address the merits of his arguments, but his legal analysis of <u>Haymond</u> is incorrect and his objections lack merit.[2]

Simpson also objects that he will be sentenced under 18 U.S.C. § 3583(k) in this case, which the Supreme Court held unconstitutional in <u>Haymond</u>. This objection is factually incorrect. Simpson is not subject to a mandatory minimum sentence and if his supervised release is revoked, he will be sentenced pursuant to 18 U.S.C. § 3583(e). The fallacy of Simpson's argument is demonstrated by the fact that his supervised release has been revoked three times in this case, and he was not sentenced to a mandatory minimum sentence under § 3583(k) in any of these.

Second, Simpson motion argues that the Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901, <u>et</u> <u>seq.</u> ("SORNA"), and 18 U.S.C. § 2250(a), criminalizing a sex offender's knowing failure to register or update certain information, are unconstitutional because SORNA "falsely claims to be premised upon the interstate commerce clause of the U.S. Constitution,"

---

[2]Throughout this case and in related Case No. 4:23-CR-297 RLW (E.D. Mo.), Simpson, who is not a lawyer, makes idiosyncratic and unique legal arguments based on his lay understanding of the case law he cites. These arguments are invariably incorrect and are not supported by the cited cases.

3

and infringes upon the traditional state police power reserved to the states under the 10th Amendment. Simpson argues that consequently the federal government and SORNA cannot impose a duty to register as a sex offender, and he therefore cannot be charged with a federal crime for failure to register as a sex offender.

The Magistrate Judge correctly recommended that this aspect of the motion to dismiss be denied, based on binding Eighth Circuit decisions that reject the merits of these arguments. See BPS Guard Servs. v. NLRB, 942 F.2d 519, 524 (8th Cir. 1991) (Eighth Circuit holdings on issues bind all district courts in the circuit and district courts must follow those holdings until reversed by the Eighth Circuit en banc or the United States Supreme Court). Simpson's legal arguments concerning his interpretation of the nature and effect of the Eighth Circuit's decisions are unpersuasive.

The Court will deny Simpson's motion to dismiss following de novo review.

B. Motion to Strike Prior Conviction (ECF No. 224)

In this pro se motion, Simpson "attack[s] his prior conviction for Receipt of Child Pornography, under 18 U.S.C. § 2252 as Unconstitutionally obtained." (ECF No. 224 at 1.) The Magistrate Judge recommended this motion be denied as an improper collateral attack on Simpson's conviction. The Magistrate Judge is correct. "A defendant may challenge the validity of his underlying conviction and sentence through a direct appeal or a habeas corpus proceeding, not through a collateral attack in a supervised-release revocation proceeding." United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009) (citing cases). Simpson previously filed multiple motions under 28 U.S.C. § 2255 to vacate his receipt of child pornography conviction, and cannot raise new issues challenging the conviction in this revocation proceeding.

4

To the extent Simpson's objections assert that he is raising a jurisdictional challenge to his underlying conviction, the objections lack merit. Simpson already raised a jurisdictional challenge to his conviction in his initial § 2255 action, Simpson v. United States, No. 4:11-CV-2058 RWS (E.D. Mo.). In that case, Simpson argued the Court lacked jurisdiction because the interstate commerce element of the statute was not met, the same argument his motion now incorrectly claims has never been addressed. Judge Sippel addressed the merits of the argument and denied the jurisdictional challenge, concluding that Simpson's use of a computer hard drive or the internet satisfied the interstate commerce requirement. See Mem. and Order of Apr. 11, 2013 at 22-23 (ECF No. 40), Case No. 4:11-CV-2058 RWS.

Judge Sippel also concluded Simpson did not make a substantial showing of the denial of a constitutional right, explaining that a "substantial showing is a showing that issues are debatable among reasonable jurists," and therefore declined to issue a certificate of appealability. Id. at 23; see 28 U.S.C. § 2253(c)(1)-(3). Simpson tried to appeal the denial of his § 2255 motion, but the Eighth Circuit Court of Appeals denied his application for a certificate of appealability after careful review of the file. Simpson v. United States, No. 13-2104 (8th Cir. Sept. 18, 2013) (ECF No. 52), Case No. 4:11-CV-2058 RWS. In sum, Simpson raised this jurisdictional issue, it was rejected on the merits and found not to be substantial, and he cannot raise it again. The fact that the Court of Appeals declined to review Judge Sippel's decision does not mean that Simpson's jurisdictional challenge has not been addressed.

Simpson's motion also asserts the Court lacked jurisdiction because the trial judge improperly participated in the plea process at the final pretrial conference. This argument by its nature does not implicate the Court's jurisdiction. Finally, Simpson's motion argues that the Government lacks the power to prosecute the possession of child pornography unless "the

5

individual participates in a commercial market that contributes to the underlying child abuse depicted in such materials." (ECF No. 224 at 2, citing Osborne v. Ohio, 495 U.S. 103, 108-10 (1990)). This argument is not supported by the Supreme Court's decision in Osborne, which upheld the constitutionality of an Ohio law that criminalized the possession and viewing of child pornography. 495 U.S. at 111. As such, Simpson does not raise a jurisdictional challenge to his conviction based on Osborne and instead merely argues based on a fundamental misunderstanding or misrepresentation of the case law he cites.

To the extent Simpson's objections assert "the record reflects that the charge was upheld on a basis not alleged in the indictment or pled to by the defendant in the original trial," (ECF No. 263 at 5), this conclusory and undeveloped argument offers no basis for the Court to reach a different conclusion. Further, Simpson cannot raise an argument before this Court that he did not raise before the Magistrate Judge. Eighth Circuit precedent is clear that a party is "required to present all of his arguments to the magistrate judge, lest they be waived." Ridenour v. Boehringer Ingelheim Pharm., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012).

The Court will deny Simpson's motion to strike his prior conviction.

C. Motion to Dismiss Selective Prosecution (ECF No. 233)

In this pro se motion, Simpson argues the supervised release revocation proceeding should be dismissed because he is being singled out for prosecution for failure to register as a sex offender for the reason that he has challenged his obligation to register. Simpson compares himself to a "Robert Shone" in this District, who he claims is a "multiple time convicted sex offender repeatedly convicted for failure to register" who "abscond[ed] after several violations of release," but states no charges have been filed against him.

The Magistrate Judge correctly concluded Simpson does not establish a credible claim that he is a victim of selective prosecution. "To prevail on a selective prosecution claim a defendant must show that: (1) people similarly situated were not prosecuted; and (2) the decision to prosecute was based on a discriminatory purpose or for exercising a constitutional right." United States v. Peterson, 652 F.3d 979, 981 (8th Cir. 2011). Simpson's supervised release was previously revoked on three occasions for his failure to register as a sex offender. Simpson was not indicted for failure to register as part of the previous three revocations, in which he also raised constitutional claims. Simpson offers no evidence—as opposed to a mere conclusory argument—that the current prosecution is based on his exercise of a constitutional right to challenge his obligation to register. In addition, Simpson offers no evidence of similarly situated people who were not prosecuted.[3]

For these reasons, the Court will deny Simpson's motion to dismiss selective prosecution.

**Conclusion**

Having fully considered all of these matters on de novo review, the Court overrules Defendant Simpson's objections and sustains and adopts Judge Holmes's recommendations as set out in the Report and Recommendation.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge dated December 11, 2023 (ECF No. 256), is **sustained, adopted** and **incorporated** herein.

---

[3]The Court's electronic case management system, CM/ECF, does not list a defendant in this District with the last name of Shone. Further, Simpson's description of the purported Robert Shone does not describe a similarly situation person, as Simpson asserts that Shone was convicted multiple times for failure to register, unlike Simpson.

7

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Petition to Revoke his Supervised Release (ECF No. 226) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's pro se Motion to Strike Prior Conviction (ECF No. 224) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's pro se Motion to Dismiss Selective Prosecution (ECF No. 233) is **DENIED**.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of March, 2024.