RECEIVED
NOV 25 2024
BY MAIL

United States

v

Kenneth Simpson

Case Nos. 4:10cr169 & 4:23cr297

## Motion for Return of Property Under F.R.Cr.P. 41(g) & F.R.Civ.P. 60(b)

Comes now Simpson, petitioning for the return of his illegally seized property pursuant to F.R.Cr.P. 41(g). As the prior proceedings failed to comply with the bare minimums of due process, they are either legally void, or open to challenge under both Rule 41(g) and F.R.Civ.P. 60(b). Since existing precedent governs this issue, and requires the return/transfer of property, there is no "discretion" to retain the property.

### Standard Under 41(g)

Rule 41(g) provides that a person aggrieved by the seizure of property may move for its return. A person's burden to prove they are entitled to property is exceptionally low; they only need show it was seized from them, Jackson v U.S. 526 F3d 394, 396 (8th, 2007). Once that is done, the Government must prove it has a right to retain the property under one of 3 exceptions: (1) the property at issue is contraband; (2) it is subject to forfeiture pursuant to statute; or (3) it is still needed for pending legal proceedings, U.S. v Porchay, 533 F.3d 704, 708 (8th, 2008).

Courts not only have a duty, they have a legal obligation to return property, U.S. v Brown, 185 F.Supp.3d 79, 82 (D.C. 2016)(collecting cases).

## Argument

Here, the Government is in retention of thousands of dollars of electronics that unquestionably belong to Simpson. There could be no seizure at all if the property didn't belong to Simpson, and the Government explicitly states that all of the electronics belong to Simpson in the violation report. There is also no question that the seizure of all electronics was illegal. Mont v U.S., 204 LEd 2d 94 (2019) was 5 years old at the time of the probation officer's action. Mont unambiguously states that there is no supervisory authority over those in prison, at 106ln2. Further, since Simpson was convicted in case 4:23cr297, he was not on release at any point after his arrest in May, 2023, at 105. As the seizure occurred at the end of July, over 2 months after the P.O.'s authority ended, it was plainly illegal.

The Government also did not contend, as they could not, that the electronics at issue fall into any of the three categories that would allow the Government to avoid return. As such, there is no legal basis the Court could have found to refuse to return the property.

After waiving the right to respond repeatedly, the Government suddenly reversed course prior to trial and insisted that, since my conditions of release prohibited internet usage, the Court should decline to return the computers. In urging this illegal action, the Government cited no authority-statutory or precedential-for this novel action, which is fatal, as the lack of such authority was briefed heavily on the other end. Congress has not authorized seizure under supervised release, and, more importantly,

they cannot. That briefing is hereby reincorporated, and, as it was not disputed, is ceded as correct.

Since a question of first impression always has to have legal explanation, the summary denial is void. With the Government not briefing a legal basis to deny return, it was, in essence, simply asking the Court to break the law. Moreover, to the extent the Court accepted that the Government raised a question of fact as to if I was entitled to the property, settled precedent at the appellate level required a hearing to resolve that, Jackson, at 396; U.S. v. Felici, 208 F.3d 667, 670-71 (8th, 2000). The Court failed to comply with this bare minimum of due process.

First, even were the Government correct—and it is not, it would not matter. Every Court to be presented with the issue, has held that a person on supervised release who is in possession of—we'll invent the term "person based contraband", that is, something it is illegal for one person to have but not another—is entitled to transfer that to a third party. Notably all of these cases involve guns, see, for example, U.S. v. Wilson, 2017 US Dist Lexis 195615 at 5 (D Neb, 2017). The 8th Circuit has held that, even in the context of guns, this must be done unless it will create constructive possession, U.S. v. Casteel, 729 Fed Appx 506, 507 (8th, 2018)

It's a significant assumption that the same rules would apply to computers, as they are not contraband, but, even assuming, the 41(g) motion called for the transfer to a third party. With a 70 month sentence, constructive possession was a factual impossibility, and the Court was required

to follow Costeel.

Finally, the Government is wrong on the merits. The Supreme Court has explicitly held that no sex offender (without any limitation) can be barred access to social media. While Packingham v. North Carolina, 198 L.Ed.2d 273 (2017) expressed concern that the law also applied to people not under court supervision, it stated it was only addressing the rights of those on paper, at 282. Notably, even the concurrence, which chided the majority for "overbroad dicta", stated that there was no set of circumstances where society could ever bar any person from online newspapers, WebMd, etc, at 287-88.

In short, the prohibition on internet usage is void. Even courts that have clearly misunderstood Packingham have concluded it bars internet restrictions for pornography only offenders, U.S. v. Whalen, 846 Fed Appx 177, 178 (4th, 2021); U.S. v. Perrin, 926 F.3d 1044, 1046-47 (8th, 2019).

Of course, the Supreme Court has plainly stated that release operates similarly to parole, and is only Constitutional to the extent it is similar, U.S. v. Haymond, 204 L.Ed.2d 897, 904, 909, 910, 914 (2019). Parole only allowed revocation of conditional freedom; it did not allow confiscation of property.

No matter how we look at it then, the property at issue has to be returned. It is unnecessary to even resolve the Government's "argument". They are wrong, even if they are right.

### Use of 60(b)/41(g) collateral attack

Rule 41(g) is recognized as being available as a collateral attack on a failure to comply with set procedures, U.S. v. Crotsky, 626 Fed Appx 655, 656 (8th, 2015). In addition,

since a 41(g) motion at this point is treated as a civil action F.R.Civ.P. 60(b) is available to remedy certain "fundamental infirmities" that might affect due process, Pirs Capital, LLC v Williams, 54 F.4th 1050 at 5-7 (8th, 2022) such as a denial of notice and opportunity to be heard, Petrone v Warner Enters., 105 F.4th 1043 (8th, 2024)(citing Chrysler Corp v Carey, 186 F.3d 1016, 1022-23 (8th, 1999)), or a full and fair opportunity to resolve their claims, Pirs at 8-9.

Ignoring the issue of waiver, which itself is substantial, Spireon, Inc v Procon Analytics, L.O.C., 213 LEd 1128, 1132 (2022); Jimerson v Payne, 957 F.3d 916 at 24-25 (8th, 2019), the previous Court's refusal to follow the prescribed forms, see U.S. v Lodeau, 734 F.3d 561, 566 (6th, 2013)(no judge has "discretion" to refuse to abide by precedent) in holding a hearing or giving an opportunity to rebut the Government's tardy argument is, itself, fatal. That no opinion was issued to explain a novel refusal to return property is not permitted either.

Given this, the prior ruling is either void, and to be treated as no ruling at all, or is still open to this further review.

## Conclusion

For the above reasons, the property must be returned to Simpson. There is no legal basis to refuse to do so.

Kenneth Simpson
11/18/24

Kenneth Sampson 37171-04
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri 65801-4000

RECEIVED
NOV 25 2024
BY MAIL

Legal mail

⇔37171-044⇔
E District Court
111 S 10TH ST
Saint Louis, MO 63102
United States

SPRINGFIELD MO 658
21 NOV 2024

U.S. OFFICIAL MAIL  PENALTY FOR PRIVATE USE $300
US POSTAGE (IM) PITNEY BOWES

ZIP 65807
02 7H
0005951931

$ 000.69⁰
NOV 20 2024

63102-112894